**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

**ALPENGLOW BOTANICALS, LLC, a Colorado Limited Liability Company;**

**CHARLES WILLIAMS, an individual,**

**JUSTIN WILLIAMS, an individual,**

Plaintiffs,

v.

**UNITED STATES OF AMERICA**

Defendant

_____

**COMPLAINT AND JURY DEMAND**
_____

THE PLAINTIFFS, Alpenglow Botanicals, LLC, Charles Williams and Justin

Williams by and through their undersigned counsel, submit the following Complaint:

**INTRODUCTORY STATEMENT**

This action is a claim by the Plaintiffs for federal tax refunds for tax years 2010

through 2012.   The Plaintiffs claim that the United States through its agency the Internal

Revenue Service ("IRS") exceeded its authority in administratively determining that the

Plaintiffs committed  the crime of trafficking in a controlled substance in violation of the

federal Controlled Substances Act, 18 U.S.C. §801, *et seq.* ("CSA")*,* and denied all

deductions.  The IRS did so by invoking 26 USC §280E.

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States and the laws of the United States, including 26 U.S.C. §7422. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §1331 and 1346(a)(1). Venue is proper under 28 U.S.C. §1391 since a substantial part of the events or omissions giving rise to the claim occurred within this district.

## PARTIES

1. ALPENGLOW BOTANICALS, LLC,("Alpenglow") is a Colorado limited liability company doing business in the state of Colorado.

2. CHARLES WILLIAMS ( "C Williams") is a resident of the United States and State of Colorado. At all times pertinent hereto, he was an owner/operator of Alpenglow Botanicals, LLC.

3. JUSTIN WILLIAMS (J Williams) is a resident of the United States and the State of Colorado. At all times pertinent hereto, he was an owner/operator of Alpenglow Botanicals, LLC.

4. Defendant UNITED STATES OF AMERICA is the proper defendant in an action regarding federal income tax pursuant to 26 U.S.C. §7422.

## INTRODUCTORY ALLEGATIONS

5. This is an action brought by the Plaintiffs for a refund of tax payments for tax years 2010 through 2012.

6. Alpenglow conducted business during the above tax years and filed federal and state tax returns for its business.

7.      Alpenglow is a "pass through" entity where the income and tax liability passes through to the principals.

8.      C and J Williams as members of Alpenglow received K-1 statements and filed their tax returns for those tax years.  The tax liability discussed below, passed through to them.

9.      The tax returns Alpenglow for tax years 2010 through 2012 were audited (the "Audit") by Internal Revenue Service ("IRS").  As a result of the Audit, the IRS issued a letter Form 921 on December 11, 2014, denying certain deductions and increasing the income of Alpenglow.  The deductions were denied because the IRS administratively determined that Alpenglow and thus C and J Williams committed the crime of trafficking in a Controlled Substance in violation of the Controlled Substances Act, 21 U.S.C. §801, *et seq.*  Trafficking in a Schedule I controlled substance is a federal felony with a penalty of five years to life imprisonment for each offense.  21 U.S.C. §841(b).

10.     The resulting changes are as follows:

11.     As a result of the IRS determinations of Alpenglow, the tax liability of C and J Williams increased as follows:

|      | Charles Williams | Justin Williams |
|------|------------------|-----------------|
| 2010 | $2688.00         | $4350.00        |
| 2011 | $5295.00         | $8257.00        |
| 2012 | $16,150.00       | $16,354.00      |

12.    C and J Williams paid the increased tax liability under protest.

13.    On or about  August 14, 2014, October 14, 2014, October 21, 2014 and November 4, 2014, Alpenglow, C Williams and J Williams timely filed amended returns and timely filed claims for refunds for tax years 2010 through 2012 pursuant to 26 U.S.C. 7422(a).   With respect to Alpenglow, the IRS responded and denied the claims on or about May 29, 2015.  With respect C Williams and J Williams, the IRS did not respond to the claims for refunds for over 180 days.  As a result, these claims are deemed denied. See 26 U.S.C. §6332(a).

## CAUSE OF ACTION

14.    The redetermination of the tax liability of the Plaintiffs was a result of the IRS invoking 26 USC §280E in the Audit.  Section 280E states:

> "No deduction or credit shall be allowed for any amount paid or incurred during the taxable year in carrying on any trade or business if such trade or business (or the activities which comprise such trade or business) consists of trafficking in controlled substances (within the meaning of schedule I and II of the Controlled Substances Act) which is prohibited by Federal law or the law of any State in which such trade or business is conducted."

26 U.S.C. § 280E.

15.    The IRS went beyond its jurisdiction in the Audit and made an administrative determination that the Plaintiffs herein trafficked in a Controlled Substance in violation of the CSA.  The IRS does not have any authority to make an administrative determination that a taxpayer committed a crime under the CSA.  As a result, the action by the IRS denying the lawful deductions of the Plaintiffs was arbitrary, capricious and beyond the jurisdiction of the IRS.

4

16.	Congress in adopting §280E exceeded its power under the Sixteenth Amendment of the federal Constitution.  Under the Sixteenth Amendment, Congress is limited to taxing "income" without apportionment.

17.	The definition of income under the Sixteenth Amendment is:

> "'The *gain* derived from capital, from labor, or from both combined,' provided it be understood to include profit gained through a sale or conversion of capital assets." (Emphasis in original)

*Goodrich v. Edwards,* 255 U.S. 527, 535 (1921), quoting  *Eisner v. Macomber*, 252 U.S. 189, 207.

> "An amount sufficient to restore the capital value that existed at the commencement of the taxing period must be withdrawn from the gross proceeds in order to determine whether there has been a gain or loss, and the amount of the gain, if any."

*Doyle v. Mitchell Bros. Co.,* 247 U.S. 179.

18.	While Congress has great discretion on what deductions a taxpayer may take on gross income, Congress cannot go beyond the constitutional definition of income with its taxing power.  Congress may not deny the subtractions from gross receipts necessary to compute "income" for purposes of the Constitution.

19.	Congress, by denying all deductions for the violation of the CSA, has exceeded its authority under the Constitution, thus making §280E unconstitutional and void.

20.	The Commissioner, in violation of the Fifth Amendment of the federal Constitution, see *U.S. v. Tweel,* 550 f.2d 297 (5th Cir. 1977), took evidence from the Plaintiffs in an effort to establish that the Petitioners committed a federal crime without informing the Plaintiffs that they were under investigation for violation of the CSA.

Under those circumstances the Plaintiffs had to be Mirandized by the IRS officials.  The Plaintiffs were given no Miranda warnings whatsoever.  As a result, the information obtained by the IRS to determine that the crime under the CSA had been committed, was obtained illegally and unconstitutionally.

21.    A commission of a crime under the CSA is a condition precedent to the invocation of §280E.  As such, §280E is fine or penalty as used for Fifth and Eighth Amendment purposes.  The invocation of §280E under the circumstances here violates the Double Jeopardy clause of the Fifth Amendment.  Such a fine or penalty can only be asserted in the criminal prosecution of the violation of the CSA.  Section 280E violates the Fifth Amendment by invoking the fine or penalty separately from the criminal prosecution.

22.    Section 280E also violates the Eighth Amendment prohibition against excessive fines and penalties.  While disguised as a tax provision, §280E is actually a forfeiture provision requiring the forfeiture of the entirety of a taxpayer's income and capital.  Such forfeiture violates the eighth Amendment prohibition against excessive fines and penalties.

23.    Furthermore, pursuant to *In re Feinberg,* 808 F.3d 813 (10th. Cir. 2015), that it can no longer be said that a marijuana dispensary licensed in the State of Colorado and operating in accordance with state law violates the CSA.   At all times pertinent hereto, the Plaintiffs herein were operating legally under Colorado law.

24.    This is an action for the recovery of federal tax erroneously or illegally assessed and collected. This Court has jurisdiction under 28 U.S.C. §§ 1331 and

1346(a)(1). This action also arises under 26 U.S.C. § 7422. The defendant is the United States of America.

25.    As a result of the arbitrary, capricious, illegal and unconstitutional actions by the IRS and Congress, the Plaintiffs paid $53,094.00 more in federal income tax than was is lawfully allowed.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court:

1.  Declare 26 U.S.C. §280E unconstitutional as applied to the Plaintiffs.

2.  Enjoin the defendant from continuing to enforce 26 U.S.C. §280E against the Plaintiffs in any future tax audits.

3.  Award the plaintiff judgment in the amount of $53,094.00, plus interest and costs as allowed by law, and such other relief as the Court may deem just, including an award of reasonable litigation costs incurred in this proceeding pursuant to 26 U.S.C. § 7430 and an award of reasonable costs and attorneys' fees pursuant to 28 U.S.C. § 2412.

**A TRIAL BY JURY IS HEREBY DEMANDED FOR ALL ISSUES SO TRIABLE**

DATED THIS 3rd DAY OF FEBRUARY, 2016.

THORBURN WALKER, LLC

BY:     *s/ James D. Thorburn*
James D. Thorburn, Attorney for the Plaintiffs
5460 South Quebec Street, Suite 330
Greenwood Village, Colorado 80111
(303) 646-3482
jthorburn@thorburnwalker.com

BY:     *s/ Richard A. Walker*
Richard A. Walker
Attorney for the Plaintiffs
5460 South Quebec Street, Suite 330
Greenwood Village, Colorado 80111
(303) 646-3482
rwalker@thorburnwalker.com


Address of the Plaintiffs:
PO Box 6351
Dillon, CO 80435