IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:16-cv-0258-RM-CBS

ALPENGLOW BOTANICALS, LLC, a
Colorado LLC, CHARLES WILLIAMS,
and JUSTIN WILLIAMS,

        Plaintiffs,

        v.

UNITED STATES OF AMERICA,

        Defendant.

**UNITED STATES' RESPONSE TO MOTION TO ALTER/AMEND JUDGMENT**

The United States of America opposes Plaintiffs' motion (ECF No. 50) to alter or amend the judgment in this case. In support, the United States pleads as follows:

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... 1

BACKGROUND ....................................................................................................................... 2

ANALYSIS ................................................................................................................................ 3

  1.  The Court did not "decline" to address any of Plaintiffs' arguments; it considered them all, and properly rejected them. .................................................................................... 3

  2.  Plaintiffs' argument concerning "legal and illegal income" does not justify revisiting the judgment. ..................................................................................................................... 8

CONCLUSION ........................................................................................................................ 11

## BACKGROUND

This case centers on the Internal Revenue Service's enforcement of Section[1] 280E, a provision which denies deductions incurred in connection with trafficking in controlled substances. Plaintiffs are a Colorado marijuana business and its owners. They oppose Section 280E and have raised various arguments in an attempt to thwart its application to their business. Plaintiffs filed their initial complaint in this case on February 3, 2016. (ECF No. 1). In response, the United States sought dismissal. (ECF No. 11). Plaintiffs subsequently moved to amend their complaint on June 24, 2016 (ECF No. 30). They also filed a motion for summary judgment on August 25, 2016. (ECF No. 40).

On December 1, 2016, the Court took up all pending motions in this case,[2] and entered an order granting Plaintiffs' motion to amend but dismissing the case and denying the motion for summary judgment. (ECF No. 48). In granting the motion to dismiss, the Court noted that "Section 280E is placed in the *Internal Revenue* Code, and instructs that deductions should be disallowed if certain circumstances exist in a taxpayer's business." *Id.* at 7-8. The Court further found that the IRS has the authority to enforce Section 280E, notwithstanding any criminal investigation or prosecution. *Id.* at 8. The Court concluded that Plaintiffs failed to allege a plausible claim for relief on any of the various theories asserted in their pleadings, including that the IRS had improperly denied business deductions, that their Fifth Amendment rights were violated, that Section 280E imposes an excessive penalty under the Eighth Amendment, and that the IRS lacked sufficient evidence that they sold marijuana. *Id.* at 9-15.

---

[1] Unless otherwise stated, all "Section" references are to Title 26 of the United States Code, also known as the Internal Revenue Code of 1986, as amended.

[2] The Court also resolved Plaintiffs' motion to certify a legal question to the state court, which the Court denied. (ECF No. 48) at 15.

Plaintiffs now ask the Court to revisit its order. (ECF No. 50). In support, they contend that the Court should have allowed them yet another opportunity to amend their complaint and attempt to state a plausible claim. Plaintiffs offer no new arguments, just re-worded versions of arguments they have made before. Nor do Plaintiffs do much to justify their delay in attempting to reframe the issues. Indeed, there is little that could justify it, since Plaintiffs had all the information necessary to expand on their claims well before they filed the first version of their complaint, much less the second. The Court did not err in reaching any of its conclusions, and should not accept Plaintiffs' invitation to revisit the judgment in this case.

## ANALYSIS

The purpose of a motion under Fed. R. Civ. P. 59(e) is to "correct manifest errors of law or to present newly discovered evidence." *Monge v. RG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (citations omitted). As Plaintiffs acknowledge, there are three grounds for granting such a motion: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* Such a motion is not, however, "a license for a losing party's attorney to get a second bite at the apple and make legal arguments that could have been raised before." *Mantle Ranches, Inc. v. U.S. Park Service*, 950 F.Supp. 299, 300 (D. Colo. 1997) (citations omitted).

As set forth below, Plaintiffs have failed to establish that any of the three legitimate grounds for revisiting this Court's judgment applies. Rather, Plaintiffs simply raise arguments that either have been – or should have been – raised previously. The motion asks for nothing more than the classic (and impermissible) second bite at the apple. It should be denied.

1. *The Court did not "decline" to address any of Plaintiffs' arguments; it considered them all, and properly rejected them.*

First, Plaintiffs argue that the Court inappropriately failed to address three issues. This appears to be an argument that the Court committed "clear error" in overlooking some of their

claims. Yet, as described below, the Court in fact appropriately considered each of the three cited issues and rejected all three. The three issues flagged by Plaintiffs are: (1) whether Plaintiffs' treatment of its costs of goods sold was proper "under Section 263A;" (2) whether the IRS lacked evidence that Plaintiffs trafficked in marijuana; and (3) whether Section 280E violates the Eighth Amendment. (ECF No. 50 at 2). In considering each, the Court found that Plaintiffs' complaint failed to state a plausible claim for relief on any of the three issues. (ECF No. 48) at 11 (first issue), 12-13 (third issue), 13-15 (second issue).

Plaintiffs now claim that the Court erred in failing to construe their motion for summary judgment as a motion to amend their complaint to better include the additional issues under *Pater v. City of Casper*, 646 F.3d 1290 (10th Cir. 2011). This argument ignores the fact that the decision to grant leave to amend is within the discretion of the trial court. *Id.* at 1299. The trial court need only grant leave to amend where justice requires it, and "untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-1366 (10th Cir. 1993) (citations omitted). This is especially the case where a litigant delays for months, with a motion to dismiss pending, and seeks leave to amend only after the case has been dismissed. *Spreitzer v. Deutsche Bank Nat. Trust Co.*, 610 Fed. Appx. 737, 740-741 (10th Cir.). Plaintiffs' after-the-fact justifications for their delay are inadequate, and do not undermine the Court's sound conclusion not to offer them a further opportunity to amend their complaint. Specifically, Plaintiffs have no explanation whatsoever for their delay in fleshing out the three issues they say the Court did not properly consider.

With respect to the first issue concerning the IRS's treatment of their expenses, Plaintiffs possessed all the information they needed to raise it by the time they received the IRS's examination report (ECF No. 30-2) in approximately December of 2014. This was well before

they filed their first complaint (ECF No. 1) on February 3, 2016, much less their proposed first amended complaint (ECF No. 30-1) on June 24, 2016. Plaintiffs have offered no explanation for why they did not fully include their expense allocation argument in either of the two complaints they previously filed.

Plaintiffs' argument concerning the first issue is also misleading. Section 263A is a timing rule that dictates whether certain otherwise allowable costs are currently deductible or must be capitalized. Flush language in the operative provision of the statute prohibits taxpayers from allocating costs to inventory to the extent those costs are not otherwise allowed in computing taxable income. Section 263A(a)(2)(stating that "[a]ny cost which (but for this subsection) could not be taken into account in computing taxable income for any taxable year shall not be treated as a cost described in this paragraph."). Thus, Section 263A cannot be the authority upon which Plaintiffs rely to define which of their expenditures are allowable as costs of goods sold. *See, e.g.,* I.R.S. Chief Couns. Mem. 201504011, 2015 WL 279714 (Jan. 23, 2015). Simply put, if Section 280E denies Plaintiffs a deduction, Section 263A cannot save it. Plaintiffs' allegations that the IRS denied them "business deductions" under Section 263A cannot establish a plausible claim for relief.[3]

The second issue concerns the IRS's evidence of marijuana trafficking. Plaintiffs claim that they could not have asserted a claim based on the IRS's purported lack of such evidence because they were not "aware" of any evidentiary deficiency until the "IRS conceded that it did not have any evidence." (ECF No. 50) at 4. Plaintiffs' claims are faulty for two reasons. First, contrary to Plaintiffs' assertions, the government has never "conceded" that it lacks evidence that

---

[3] Furthermore, it is worth noting that any allegation made by Plaintiffs that they were denied costs of goods sold is directly contradicted by the Notice of Deficiency that they themselves submitted as an exhibit to both amended versions of their complaint. (ECF No. 30-2). The Notice reflects the painstaking efforts the IRS took to sort Plaintiffs' costs into various categories and allow costs of goods sold to the extent permitted by law.

they sold marijuana; rather, the government sought discovery to "bolster" evidence it already had. (ECF No. 42) at 4-5. As Plaintiffs correctly point out, this matter was in the early stages, and the dispute between the parties centered on whether Plaintiffs had stated a claim, not on the evidence the United States possessed to counter those claims. Accordingly, the evidence that the IRS had was never squarely put into the record.[4]

Second, Plaintiffs' allegation that they were unaware of the evidence the IRS gathered during the audit is disingenuous. The IRS revenue agent conducted an initial interview with a representative of Plaintiffs who was open about Plaintiffs' business activities. Rudolph Decl. ¶¶ 5-6. Topics of discussion included that "Alpenglow is a medical marijuana facility with growing onsite" and that "[t]his business [*sic*] sales are 98.5% of marijuana." *Id.* at Exhibit A. The representative also provided income statements to the auditor that listed retail sales of "MMJ," "MEDIBLES," and "JOINT,HASH,OILS." *Id.* at ¶ 7. The notice of deficiency that Plaintiffs themselves attached to their amended complaint notes that Plaintiffs "proposed a 100% allocation of officer salaries *to the grow operation*." (ECF No. 30-2) at 16 (emphasis added). The Plaintiffs' current refusal to admit that they sell marijuana is nothing more than an elaborate kabuki dance designed to wedge open the courthouse door. Plaintiffs cannot ignore the fact that they described the nature of their business activities during the examination, and that the IRS therefore had evidence – in the form of their own admissions – that their business was to sell marijuana.

---

[4] In a footnote, the Court expressed concern that the United States did not sufficiently dispute Plaintiffs' "lack of evidence" argument on summary judgment. (Dkt. # 14) at 14. First, as the United States explained in its response to that motion, it had not yet had the opportunity to conduct discovery and therefore lacked a complete record to offer the Court. (Dkt. # 42) at 8-12. Second, the United States did not file the motion for summary judgment – Plaintiffs did. Plaintiffs never claimed (much less showed) that they *did not* sell marijuana, a matter on which they bore the burden of proof. *See*, (Dkt. # 42) at 6-7. In any event, the United States now provides additional evidence beyond Plaintiffs' website showing that Plaintiffs sold marijuana, which hopefully alleviates any lingering concerns.

Just like the first issue, Plaintiffs were well aware of these matters long ago. Indeed, their initial audit interview with the IRS, in which their representative admitted they were trafficking in marijuana, took place in 2013. Even if Plaintiffs could somehow justify their delay in raising a "lack of evidence" argument, such an argument would necessarily fail not only on the merits, but also because it would not support an independent claim against the government. In a tax refund action – which is what Plaintiffs seek to pursue – the IRS's analysis is irrelevant. *See, e.g., R.E. Dietz Corp. v. United States*, 939 F.2d 1, 4 (2d Cir. 1991) (noting in refund case that "[t]he factual and legal analysis employed by the Commissioner is of no consequence to the district court."); *Associated Wholesale Grocers, Inc. v. United States*, 1989 WL 110300 (D. Kan. June 7, 1989) (explaining that, in a "tax refund proceeding, the analysis and opinions of the IRS employees are irrelevant."). All that matters is whether Plaintiffs owe the tax, and the burden is theirs to prove that they do not. Without alleging that their business is not to sell marijuana, Plaintiffs cannot set forth a plausible claim for relief.[5]

This leaves only the third issue: the interaction between Section 280E and the Eighth Amendment. This is largely a legal question. The United States is unaware of any recent legal authority[6] that justifies Plaintiffs' delay in fleshing out the issue, and Plaintiffs have pointed to none. Further, the facts that the Court found to be lacking concerning damage to Plaintiffs' business were all available to Plaintiffs before they filed both versions of their complaint. Thus, just like the first issue, Plaintiffs had all the information they needed to properly assert a claim

---

[5] Indeed, Plaintiffs' argument that they will be forced out of business due to Section 280E appears to be directly at odds with any allegation that they *do not* traffic in marijuana.

[6] A search on Westlaw for "eighth amendment" and "280E" conducted on the day this brief was filed returns this Court's December 1, 2016 order in this case as the most recent authority on this topic. Prior to that, the most recent decisions on these issues were published prior to the commencement of this case. *See*, *Feinberg v. Comm'r,* 808 F.3d 813 (10th Cir. 2015); *Canna Care, Inc. v. Comm'r*, T.C. Mem. 2015-206 (Oct. 22, 2015).

based on their Eighth Amendment argument long ago. Plaintiffs offer no explanation whatsoever – much less an adequate explanation – for why they did not elaborate in either of their previously filed complaints, especially when they knew dismissal was on the line. The Court acted well within its discretion in refusing to provide Plaintiffs with an opportunity to include this issue in yet another amended pleading.

In sum, the Court did not commit error in considering each of the three issues cited by Plaintiffs and concluding that Plaintiffs failed to raise a plausible claim for relief on any of the three. The Court was not required to grant Plaintiffs an opportunity to try to amend their complaint. Plaintiffs had already had two opportunities to draft their complaint, and they have provided no justification for their delay. Further, even if Plaintiffs were given an opportunity to amend, it would be futile, as Plaintiffs have raised no new legal theory or evidence to negate the Court's conclusions.

2.   *Plaintiffs' argument concerning "legal and illegal income" does not justify revisiting the judgment.*

Next, Plaintiffs make a convoluted argument about "legal and illegal income" that rehashes many of the issues they have raised before. Plaintiffs cite no new law or any newly discovered evidence in support of their argument. Accordingly, Plaintiffs appear to argue, based on reworked versions of the same legal theories already presented, that the Court's decision works an injustice upon them. It does not.

Plaintiffs argue that the IRS must allow the same deductions to an "illegal enterprise" as it allows to legal businesses. (ECF No. 50) at 5. In making this claim, Plaintiffs cite to Supreme Court case law interpreting the meaning of "ordinary and necessary" in Section 162(a), the baseline statute allowing for the deduction of business expenses. *See, Comm'r v. Tellier,* 383 U.S. 687 (1966). At issue in that case was the deductibility of legal fees incurred in connection with the defense of a securities fraud lawsuit. *Id.* The Supreme Court found that the fees were

deductible, rejecting the argument that "public policy" should override the plain language of Section 162 in the circumstances before the court. *Id.* at 690-695. The Supreme Court was explicit, however, in stating that deductions "may, to be sure, be disallowed by specific legislation, since deductions are a matter of grace and Congress can, of course, disallow them as it chooses." *Id.* at 693 (citation omitted).

Unlike in *Tellier*, here there is specific legislation denying the deductions Plaintiffs seek: Section 280E. Thus, far from supporting Plaintiffs' claims, *Tellier* supports the IRS's rejection of certain of Plaintiffs' business deductions in accordance with a statute passed by Congress. *Tellier* does not stand for the broad proposition that illegal and legal businesses must be taxed exactly alike, but rather stands for the relatively uncontroversial proposition that the Supreme Court will enforce tax statutes by their terms, not purely on vague public policy considerations. Section 280E's terms are clear: Plaintiffs were not entitled to the full panoply of deductions available to businesses that do not traffic in controlled substances.

Next, Plaintiffs paradoxically argue that enforcing Section 280E will undermine public policy goals, thereby working an injustice upon them. (ECF No. 50) at 5-7. In support, they cite to legalization of marijuana sales in numerous states, various Department of Justice Memoranda, and federal defunding of certain marijuana-related prosecutions. *Id.* But Plaintiffs ignore the plain fact that Section 280E *is also* public policy. And, as the Court already found, there is no question that marijuana remains a controlled substance under federal law. (ECF No. 48) at 7. Section 280E's application is "clear" and "does not depend on the illegality of marijuana sales under state law." *Olive v. Comm'r*, 792 F.3d 1146, 1150 (9th Cir. 2015). The prohibition of marijuana sales under federal law alone is enough to trigger section 280E. *Id.* It is up to Congress to change the policy set forth in Section 280E; until then, the IRS not only has the authority to, but must, enforce it. *Id.*

9

Finally, Plaintiffs' reliance on *Feinberg* is a red herring. Plaintiffs cite largely to dicta to suggest that marijuana sellers in Colorado "cannot be guilty of a chargeable crime" and, therefore, marijuana businesses cannot be said to frustrate public policy. (ECF No. 50) at 7. This is not what the Tenth Circuit found. Rather, the decision aptly noted that "it's Congress that passes the laws" and "saw fit" to criminalize marijuana sales. *Feinberg v. Comm'r*, 808 F.3d 813, 816 (10th Cir. 2015). And, just like in *Feinberg,* imposing criminal liability on Plaintiffs is an inquiry for a different day and a different proceeding. *Id.* at 817-818. This case deals not with a criminal prosecution, but a federal tax audit. *See*, (ECF No. 48) at 6. The fact that the winds of change have blown towards state-level marijuana legalization in no way contravenes federal laws like Section 280E, which must be enforced.

    //

## CONCLUSION

Plaintiffs cannot claim that the Court's judgment is erroneous or otherwise works an injustice upon them. Plaintiffs have raised no new law or evidence, nor have they offered any justification for their delay in offering a third version of their complaint in an attempt to pass legal muster. The Court should deny Plaintiffs' motion.

Respectfully submitted February 2, 2017,

        DAVID A. HUBBERT
        Acting Assistant Attorney General

        */s/ Lindsay L. Clayton*
        LINDSAY L. CLAYTON
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Washington, D.C.  20044
        202-307-2956
        202-307-0054 (Fax)
        lindsay.l.clayton@usdoj.gov

        *Of Counsel*
        ROBERT C. TROYER
        Acting United States Attorney
        *Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

      IT IS CERTIFIED that service of the foregoing has been made this 2d day of February, 2017, by the CM/ECF system to:

James David Thorburn (jthorburn@thorburnwalker.com)
Richard Allan Walker (rwalker@thorburnwalker.com)
Thorburn Walker LLC
5460 South Quebec Street, Suite 330
Greenwood Village, Colorado 80111
*Counsel for Plaintiffs*

                                            */s/ Lindsay L. Clayton*
                                            LINDSAY L. CLAYTON
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice