**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Case No. 16-cv-00258-RM-CBS

ALPENGLOW BOTANICALS, LLC, *et al.*,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

___

**ORDER**
___

On December 1, 2016, this Court entered an Opinion, *inter alia*, denying plaintiffs', Alpenglow Botanicals, LLC ("Alpenglow"), Charles Williams, and Justin Williams (collectively, "plaintiffs"), motion for summary judgment and granting defendant's, the United States of America ("defendant"), motion to dismiss. (ECF No. 48.) Final judgment was entered the same day. (ECF No. 49.) Twenty-eight days later plaintiffs filed a motion to alter or amend judgment ("the motion to alter") pursuant to Fed.R.Civ.P. 59(e) ("Rule 59(e)"). (ECF No. 50.) Attached to the motion to alter was a proposed amended version of plaintiffs' Complaint. (ECF Nos. 50-2, 50-3.)[1] Defendant has now filed a response, and plaintiffs have filed a reply. (ECF Nos. 53, 54.)

---

[1] Plaintiffs also subsequently filed a notice containing a new version of their proposed amended Complaint. (ECF Nos. 55-1, 55-2.) Plaintiffs assert that this version of the proposed amended Complaint contains an exhibit that should have been, but was not, attached to the original proposed amended Complaint. (ECF No. 55 at 1-2.) As such, to the extent the Court cites to the proposed amended Complaint, the Court will cite to the version filed with plaintiffs' notice, rather than the version originally filed with the motion to alter.

## I. Legal Standard

Motions attacking a final judgment that are filed within 28 days of entry of the same are reviewed under Rule 59(e). *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (discussing a prior version of Rule 59(e)); *see also* Fed.R.Civ.P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Grounds justifying a motion to alter or amend judgment under Rule 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012.

## II. Discussion

### A. Arguments Related to Amending the Operative Complaint

Plaintiffs assert that this Court misapprehended controlling law when it failed to consider three issues raised for the first time outside of their operative Complaint as a request to amend the Complaint, citing *Pater v. City of Casper*, 646 F.3d 1290 (10th Cir. 2011). (ECF No. 50 at 2-3.) Plaintiffs further assert that leave to amend should be granted because this case is in its early stages, and there would be no prejudice to the parties. (*Id*. at 3.)

Plaintiffs arguments fail in all respects. First, the Court did not fail to consider plaintiffs' newly raised allegations. The Court more than thoroughly considered each, and found that plaintiffs had failed to raise those allegations in their operative Complaint. (ECF No. 48 at 11, 13-15.) *Pater* requires nothing more. In *Pater*, the Tenth Circuit Court of Appeals explained that an issue raised for the first time in a motion for summary judgment "*may* properly be considered a request to amend the complaint…." *Pater*, 646 F.3d at 1299 (emphasis added). Notably, in *Pater*, the district court did not address an argument "[p]resumably" because it had been raised for the first time in a motion

2

for summary judgment. The Tenth Circuit, thus, construed the district court's refusal to address the new issue as a denial of plaintiff's request to amend, and concluded that the court did not err in failing to consider the issue. *Id*. In this light, *Pater* certainly does not require the Court to address in writing newly raised issues. This is especially the case, here, where plaintiffs are represented by counsel. If plaintiffs wished to add new allegations to their operative Complaint, then they should have requested leave to do so. Otherwise, the Court would have been forced to engage in its own debate as to the legal merit of plaintiffs' undisclosed request. The Court would have been forced to conjure up plaintiffs' arguments in favor of amending the Complaint, defendant's response in opposition, and then decide which of the Court's split personalities had won. The Court does not find such a contention to be the controlling law. As such, the Court does not find that it has misapprehended controlling law.

Second, even if the Court were predisposed to now consider plaintiffs' request for leave to amend their Complaint, the Court would not grant the request. As the Court stated in its December 1, 2016 Opinion with respect to plaintiffs' newly raised argument about defendant's having a lack of evidence to apply 26 U.S.C. § 280E ("§ 280E"), plaintiffs could have raised that argument when they first brought this case. (ECF No. 48 at 14-15.) To the extent it was not clear in that earlier Opinion, the same is true of the other two issues plaintiffs newly raised.

Plaintiffs' first newly raised argument concerns whether defendant disallowed costs of goods sold under "IRC 263A". (ECF No. 50 at 2.) As the allegations in the proposed amended Complaint make clear, defendant issued a Form 921 on *December 11, 2014*, denying all ordinary and necessary business deductions, including the cost of goods sold. (ECF No. 55-2 at ¶ 9.) The same allegation (minus reference to cost of goods sold), citing to the same Form 921, was made in the iteration of

3

the Complaint (the first amended complaint) considered in the Court's December 1, 2016 Opinion. (*See* ECF No. 30-1 at ¶ 9.) Plaintiffs' request with respect to this argument is particularly egregious because, in allowing the first amended complaint to become the operative Complaint, the Court allowed plaintiffs to more fully delineate the "nature of the deductions" at issue. (*See* ECF No. 30 at 1-2.) Despite purporting to do that, plaintiffs failed to include § 263A costs, even though those costs were specifically included in the exhibit attached to the first amended complaint. (*See* ECF No. 30-2 at 1.) As such, plaintiffs could have easily raised this claim when they first filed this case.

The same is true of plaintiffs' third newly raised argument that § 280E violates the Eighth Amendment. (ECF No. 50 at 2.) As the Court explained in its December 1, 2016 Opinion, that argument was raised in the operative Complaint, but plaintiffs failed to allege that § 280E would deal a fatal blow to its business and would stamp out all of Colorado's legalized marijuana industry. (ECF No. 48 at 13.) Instead, in the operative Complaint all that plaintiffs alleged, conclusorily, was that § 280E was a "forfeiture provision requiring the forfeiture of the entirety of a taxpayer's income and capital." (*See* ECF No. 30-1 at ¶ 24.) Given that the alleged forfeitures in this case took place, at the latest, in May 2015 when defendant denied Alpenglow's refund claim (*see id*. at ¶ 15), plaintiffs could have easily made the new allegations, which were raised for the first time in their response to the motion to dismiss, in the original complaint or the first amended complaint.[2]

---

[2] With respect to the new allegations in the proposed amended Complaint concerning plaintiffs' Eighth Amendment claim, even if the Court were to consider them as not new, the Court would still not allow leave to amend that claim on futility grounds. Although plaintiffs allege that, if they were required to comply with defendant's interpretation of § 280E, they could not stay in business (ECF No. 55-2 at ¶ 27), there is no plausible suggestion that this is the case. Notably, plaintiffs allege that they have paid their increased tax liability (*id*. at ¶ 15), yet plaintiffs do not allege that they have gone out of business as a result. Given that it appears that plaintiffs paid their increased tax liability at least two years ago (*see id*. at ¶¶ 14-15), the Court does not find plaintiffs allegations about being unable to stay in business to be plausible.

As the Tenth Circuit stated in *Pater*, "untimeliness alone is a sufficient reason to deny leave to amend when the party filing the motion has no adequate explanation for the delay." *Pater*, 646 F.3d at 1299 (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)) (ellipsis omitted).[3] Here, Plaintiffs do not attempt to explain their delay. (*See generally* ECF No. 50.) Instead, construing the motion to alter kindly, it appears that plaintiffs believe that the first and third new arguments/allegations were sufficiently raised in the first amended complaint. (*See* ECF No. 50 at 3-4.) In light of the discussion herein and in the December 1, 2016 Opinion that is clearly not the case.

As for the second new argument, concerning defendant's alleged lack of evidence to support application of § 280E, although, arguably, indications of defendant's lack of evidence may have arisen during the course of this litigation, as plaintiffs asserted in their motion for summary judgment, the *Notice of Deficiency* had no findings of fact establishing plaintiffs' purported trafficking in a controlled substance. (*See* ECF No. 40 at 15.) Given that plaintiffs further assert that the Notice of Deficiency was issued "about December 11, 2014" (*id.* at 4), it cannot be said that plaintiffs were without facts necessary to raise a claim related to an alleged lack of evidence.

As a result, the Court finds that plaintiffs are not entitled to leave to amend their Complaint because they have failed to provide any reason (let alone an adequate one) for why they delayed in raising the new allegations they seek to bring. *See Pater*, 646 F.3d at 1299.

---

[3] The Court, thus, does not find the Tenth Circuit's citation, in *Minter v. Prime Equip Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006), to a decision of the Third Circuit Court of Appeals where it was stated that delay alone was insufficient to deny leave to amend, as being incompatible with *Frank* and *Pater*, given that, when a party fails to provide an adequate explanation for its delay, the failure to explain should be considered undue delay. *See Minter*, 451 F.3d at 1206 (quoting *Frank*).

## B. Argument Without a Procedural Home

The parties spend a great deal of time arguing over whether illegal and legal income should be taxed alike. (*See* ECF No. 50 at 5-7; ECF No. 53 at 8-10; ECF No. 54 at 1-6.) The Court will not be doing so for the simple reason that, even if the Court were willing to accept plaintiffs' argument, it would not cause the Court to alter or amend its Judgment dismissing this case. The important thing to note with respect to this issue, something which plaintiffs initially note themselves and then apparently unmoor themselves from, is that its origination derives from the Court asking a *philosophical question* in its December 1, 2016 Opinion. In other words, it was (a) not raised by plaintiffs,[4] and (b) entirely irrelevant to the Court's ultimate finding.

Notably, in the December 1, 2016 Opinion, the Court asked the question, which the Court described as "philosophical," whether "expenses incurred in carrying on a business allegedly engaged in an enterprise illegal under federal law can be described as 'ordinary' or 'necessary' …." (ECF No. 48 at 10.) In a footnote, the Court then discussed an issue, one which had not been raised by the parties, regarding whether allowing certain business deductions would frustrate the sharply defined policies of a statute. (*Id*. at 10 n.2.) Despite the Court embarking, unprompted, on a river of curiosity about an issue it had uncovered during its own research, those ramblings had nothing to do with resolving the issue before the Court: plaintiffs' argument that the Constitution forbids including in gross income the cost of ordinary and necessary business expenses. (*See id*. at 10.) As

---

[4] If one were to read plaintiffs' reply, it would seem to the reader that plaintiffs were attempting to raise a new claim or argument premised upon the public policy of denying deductions when the deductions are denied due to a "dead letter" law, which plaintiffs assert the Controlled Substances Act has become. (*See* ECF No. 54 at 1-6.) This might have been an interesting question. But, plaintiffs failed to raise it when they could have done so at any time during the parties' pre-Judgment briefing. The mere fact that this Court may have ruminated on a related issue does not give plaintiffs carte blanche to run amok with it. Moreover, plaintiffs' adoption of yet another new argument indicates that plaintiffs are presenting "theories seriatim" in an effort to avoid dismissal. *See Minter*, 451 F.3d at 1206 (quotation omitted).

the Court explained, plaintiffs provided no case law holding that argument to be true (*id*. at 10-11), and that lack of support has not changed despite plaintiffs' copious arguments in the motion to alter and reply. As a result, plaintiffs provide no sound reason for altering the Judgment on this basis.

## III.     Conclusion

For the reasons discussed herein, the Court DENIES the motion to alter or amend judgment (ECF No. 50).

**SO ORDERED.**

DATED this 28th day of April, 2017.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge